

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TYRONE WILLIAMS, | ) | CASE NO. 1:13 CV 2693 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHAEL P. SHAUGHNESSY, | ) | AND ORDER |
| | ) | |
| Defendant . | ) | |

On December 6, 2013, plaintiff *pro se* Tyrone Williams filed this *in forma pauperis* action under 42 U.S.C. § 1983 against Attorney Michael P. Shaughnessy. The complaint alleges that Mr. Shaughnessy was appointed to represent plaintiff in a criminal proceeding in the Ohio Court of Common Pleas. Plaintiff asserts defendant has provided inadequate representation.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v.*

*Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A criminal defense attorney who acts in that capacity on behalf of a criminal defendant does not act under color of state law for purposes of a 42 U.S.C. § 1983 action. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Further, to the extent plaintiff seeks to challenge the validity of a criminal conviction and resulting confinement in a penal institution, he must seek relief in habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973)

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. Further, the court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 4/21/14*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).